```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MALQUISUA MENDEZ,

                    Plaintiff,

        -against-                          MEMORANDUM AND ORDER
                                           10-CV-3681 (JS)(WDW)
MICHAEL SPOSATO, ACTING SHERIFF-
WARDEN OF THE NASSAU CORRECTIONAL
CENTER, C.O. JAMES MCLUINESS #98,
C.O. HOOD #897, COURT TRANSPORTATION
DEPT. OF THE NASSAU COUNTY CORRECTIONAL
CENTER,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Malquisua Mendez, Pro Se
                    09006664
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No Appearance
```

SEYBERT, District Judge:

Presently pending before the Court is the Complaint of incarcerated pro se plaintiff Malquisua Mendez ("Plaintiff") brought pursuant to 42 U.S.C. § 1983 ("Section 1983") accompanied by an application to proceed in forma pauperis. For the reasons that follow, the application to proceed in forma pauperis is GRANTED and the Complaint is DISMISSED WITHOUT PREJUDICE and Plaintiff is given leave to replead.

## BACKGROUND

This is Plaintiff's third in forma pauperis Complaint

filed in this Court since April 2010 against Defendant Sposato.[1] Plaintiff's brief handwritten Complaint alleges that, on June 18, 2010, he was leaving court on the court bus when "the court bus I was being transported in crashed into fire truck cousing [sic] me to sustain personal injuries." (Compl. at ¶ IV). According to the Complaint, Plaintiff received "laceracions [sic] to the face which cause severe head trauma, ribs are severly [sic] bruised making it hard to breath and my shoulder is damaged." (Id.). Plaintiff also alleges that his back and left knee were injured and that although he was "held in the medical unit/hospital for 2 hrs. . . they don't treat me medically at all." (Compl. at ¶¶ IV. and IV.A). As a consequence, Plaintiff seeks five million dollars for unspecified damages. (Compl. at ¶ V).

## DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application Of The Prison Litigation Reform Act

---

[1] See Mendez v. Sposato, 10-CV-1960(JS)(WDW) and Mendez v. Acting Sheriff of the Nassau County Correctional Center, 10-CV-2573(JS)(WDW).

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A (a) & (b); <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that <u>pro se</u> complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's <u>pro se</u> Complaint liberally and interpret it raising the strongest arguments it suggests. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); <u>Pabon v. Wright</u>, 459 F.3d 241, 248 (2d Cir. 2006); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. <u>See</u> <u>Hughes</u>, 449 U.S. at 10; <u>Koppel v. 4987 Corp.</u>, 167 F.3d 125, 127 (2d Cir. 1999).

A.  Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983 (2000). To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, No. 07-CV-2138 (RMM) (ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under Section 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249(2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's

4

"(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. Of New York, 352 F.3d 733, 753 (2d Cir. 2003). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 Fed. Appx. 199, 2010 WL 93110, at *1 (2d Cir. Jan. 12, 2010).

Here, Plaintiff's Complaint, filled out on the Court's Section 1983 complaint form, does not allege any constitutional violation. Given that Section 1983 does not create a substantive right, Plaintiff must allege facts that demonstrate a deprivation of some separate federal right to state a cognizable civil rights claim. Upon a liberal construction, the strongest argument suggested by Plaintiff's Complaint is a claim under the Eighth Amendment for inadequate medical care.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. Prohibited punishment includes that which "involve[s] the unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173, 96 S. Ct. 2909, 49 L. Ed. 2d 859 (1976); Chance v. Armstrong, 143 F.3d

698, 702 (2d Cir. 1998). "To establish an Eighth Amendment violation arising out of inadequate medical treatment a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). "[T]he deliberate indifference standard embodies both an objective and subjective prong." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (citing Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994)). "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." Smith v. Carpenter, 316 F.3d 178, 183-184 (2d Cir. 2003) (citing Chance, 143 F.3d at 702). In order to state a claim for inadequate medical treatment "plaintiff must allege 'acts or omissions sufficiently harmful to evidence the deliberate indifference standard.'" Johns v. Goord, 09-CV-1016, 2010 WL 3907826, at *2 (N.D.N.Y. Sept. 30, 2010) (quoting Estelle, 429 U.S. at 106).

Here, Plaintiff's sparse Complaint does not sufficiently allege an Eighth Amendment violation. Plaintiff wholly fails to allege facts from which the Court could infer the deliberate indifference to Plaintiff's claimed injuries. Moreover, Plaintiff acknowledges that he was taken to the "medical unit/hospital"

6

following the accident. (Compl. at ¶ IV.). Even if Plaintiff properly alleged facts from which deliberate indifference could be inferred, his Complaint is fatally flawed for the additional reason that it fails to allege the personal involvement by any of the named defendants in the body of the Complaint. While Plaintiff describes the events that took place on the day of the alleged accident, he fails to attribute any alleged wrongdoing to a named defendant.

Given the Second Circuit's preference to adjudicate <u>pro se</u> Complaints on the merits, the Court grants Plaintiff leave to amend his Complaint to properly plead his Section 1983 claim against the Defendants. Plaintiff shall file any Amended Complaint in accordance with this Order within thirty (30) days from the date this Order is served with notice of entry upon him, or his Complaint will be deemed dismissed with prejudice. <u>See</u> Federal Rule of Civil Procedure 77(d)(1).

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED and the Complaint is <u>sua sponte</u> DISMISSED WITHOUT PREJUDICE and with leave to file an Amended Complaint in compliance with this Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

7

The Clerk of the Court is directed to mail a copy of this Order, together with Plaintiff's authorization, to the Superintendent of the facility in which Plaintiff is incarcerated and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the <u>pro se</u> Plaintiff at his last known address, <u>see</u> Fed. R. Civ. P. 5(b)(2)(C).

SO ORDERED.

<u>/s/ JOANNA SEYBERT</u>
Joanna Seybert, U.S.D.J.

Dated: November 15, 2010
       Central Islip, New York